

1  Edward Patrick Swan, Jr., State Bar No. 089429
   Michelle A. Herrera, State Bar No. 209842
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Fax No.: 619.645.5321

5  Attorneys for Plaintiff SCANTIBODIES LABORATORY, INC.



FILED
'10 SEP 14 PM 3:10
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANTIBODIES LABORATORY, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PALLAYPACK, INC., a Canadian corporation,<br><br>Defendant. | Case No. 10 CV 1908 MMA RBB<br><br>**COMPLAINT FOR (1) BREACH OF CONTRACT; (2) NEGLIGENT MISREPRESENTATION; (3) UNJUST ENRICHMENT; AND (4) UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Scantibodies Laboratory, Inc. hereby sues Defendant PallayPack, Inc., and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.

2. Plaintiff is informed and believes, and based thereon alleges, that venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

///

///

**GENERAL ALLEGATIONS**

3. Plaintiff Scantibodies Laboratory, Inc. ("Scantibodies") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santee, California. Scantibodies manufacturers medical tests and kits that screen for various types of disease, illness and other health related conditions, and makes critical components of medical tests and kits manufactured by other companies. Scantibodies manufacturers over 1,500 products and components.

4. Scantibodies is informed and believes, and based thereon alleges, that PallayPack, Inc. ("PallayPack") is a corporation organized and existing under the laws of Canada, with its principal place of business in Kirkland (Montreal), Quebec, Canada. Scantibodies is informed and believes, and based thereon alleges, that PallayPack manufactures, among other things, products for vial, syringe and ampoule processing, and liquid filling and capping systems.

5. In or about early 2008, Scantibodies solicited and received a proposal from PallayPack for a high speed, filling, capping, and stoppering machine that Scantibodies intended to use to manufacture medical test kits. On or about July 22, 2008, Scantibodies issued Purchase Order No. 049826-00 to PallayPack, for a Rota Vial Filling and Capping Machine Model FLR100TS (hereinafter, "Filling and Capping Machine"). On August 18, 2008, Scantibodies issued Revised Purchase Order No. 049826-01 to PallayPack (hereinafter, "Purchase Order"). The Purchase Order contained over 15 pages of precise specifications and tolerances for various aspects of the Filling and Capping Machine that were necessary in order that the Filling and Capping Machine perform accurately and fulfill its intended purpose. The Purchase Order stated as a necessary term and condition: "Acceptance of this purchase order . . . will constitute an agreement to all of its specifications as to terms, deliver, prices, and [Scantibodies] product specifications." The total purchase price for the Filling and Capping Machine was $685,381.86. Scantibodies made an initial down payment of $190,826.00.

6. Scantibodies is informed and believes, and based thereon alleges, that PallayPack made arrangements to manufacture the Filling and Capping Machine at ROTA Verpackungstechnik GmbH & Co.KG, a facility in Germany. The Purchase Order originally specified a delivery date of July 3,
///

1  2009. PallayPack could not meet that date, and at PallayPack's request Scantibodies agreed to extend
2  it to a date in September 2009.

3      7.    Pursuant to the Purchase Order, PallayPack promised a Factory Acceptance Testing
4  date by July 3, 2009. Scantibodies SLI personnel flew to Germany in July 2009 to confirm the status
5  of the Filling and Capping Machine and determine probability of completion by the revised delivery
6  date. The Filling and Capping Machine was incomplete and not ready to be tested.

7      8.    Scantibodies made a return trip to Germany in October 2009, based on PallayPack's
8  assurances that the Filling and Capping Machine was complete and that it met the specifications stated
9  in the Purchase Order. Inspection and testing revealed that the Filling and Capping Machine failed to
10 meet numerous specifications and its performance was unacceptable.

11     9.    PallayPack continued to assure Scantibodies that it could perform additional work on
12 the Filling and Capping Machine so that it would meet the required specifications. In January 2010,
13 additional testing revealed that the Filling and Capping Machine still failed the specifications stated in
14 the Purchase Order and all of the practical specifications.

15     10.    One year has passed since the amended delivery date. PallayPack failed to deliver a
16 Filling and Capping Machine that meets the specifications set out in the Purchase Order.

17     11.    On or about May 3, 2010, Scantibodies notified PallayPack of its election to cancel and
18 avoid the Purchase Order.

19 <center>**FIRST CLAIM FOR RELIEF**</center>
20 <center>**(Breach of Contract)**</center>

21     12.    Scantibodies realleges and incorporates by reference the allegations contained in
22 paragraphs 1 through 11 above, as though fully set forth herein.

23     13.    On or about July 22, 2008, issued Purchase Order No. 049826-00 to PallayPack, for a
24 Rota Vial Filling and Capping Machine Model FLR100TS, and on August 18, 2008, Scantibodies
25 issued Revised Purchase Order No. 049826-01 to PallayPack. The Purchase Order contained precise
26 specifications and tolerances for various aspects of the Filling and Capping Machine. The total
27 purchase price was $685,381.86. Scantibodies made an initial down payment of $190,826.00.
28 / / /

14. Scantibodies performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Purchase Order. Any other conditions have been waived and/or excused.

15. Other than alleged, at no time prior to Scantibodies' performance under the Purchase Order did PallayPack ever disclose to Scantibodies any reason why it should delay performance and/or not perform pursuant to the agreement. Such information was material to Scantibodies' performance under the agreement.

16. Scantibodies was unaware of any reason why it should not perform under the Purchase Order.

17. Scantibodies was induced to act by PallayPack's actions and omissions and relied upon such actions and omissions.

18. PallayPack breached the Purchase Order by failing to deliver a Filling and Capping Machine that met the specifications stated in the Purchase Order. PallayPack's breach was fundamental in that it resulted in such detriment to Scantibodies that Scantibodies was substantially deprived of what it was promised by PallayPack in the Purchase Order.

19. As a direct and proximate result of PallayPack's material breaches of the Purchase Order, Scantibodies has suffered damages in an amount to be proven at the time of trial and believed to be in excess of $240,000.00, which amount consists of Scantibodies' down payment, late penalties specified in the Purchase Order and consequential damages.

## SECOND CLAIM FOR RELIEF

**(Negligent Misrepresentation)**

20. Scantibodies realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above, as though fully set forth herein.

21. In or about 2008, PallayPack represented to Scantibodies that it had the ability, machinery and expertise to manufacture the Filling and Capping Machine identified in the Purchase Order, to meet the specifications identified therein, and to timely deliver a conforming and acceptable product.

///

22. Scantibodies is informed and believes, and based thereon alleges, that the representations of PallayPack described above were made without any reasonable basis for believing them to be true.

23. Scantibodies is informed and believes, and based thereon alleges, that PallayPack knew or should have known that such material representations were untrue.

24. Scantibodies is informed and believes, and based thereon alleges, PallayPack's misrepresentations were made for the purpose of inducing Scantibodies to issue the Purchase Order and enter into an agreement with PallayPack for the Filling and Capping Machine.

25. Scantibodies was unaware of the falsity of the representations made by PallayPack.

26. In reliance on PallayPack's false and misleading representations, Scantibodies issued the Purchase Order to PallayPack.

27. In further reliance on PallayPack's false and misleading representations, Scantibodies invested substantial resources in the form of its down payment, travel expenses to and man hours in Germany, and products supplied for testing.

28. As a direct and proximate result of the negligent misrepresentations of PallayPack, Scantibodies has been damaged in an amount to be proven at trial but believed to be in excess of $240,000.00, including lost profits, lost business opportunities and out-of-pocket expenses.

### THIRD CLAIM FOR RELIEF

**(Unjust Enrichment)**

29. Scantibodies realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above, as though fully set forth herein.

30. In reliance on PallayPack's representations described in greater detail herein, Scantibodies issued the Purchase Order and paid valuable consideration to PallayPack in the form of Scantibodies' down payment.

31. PallayPack failed to provide the consideration due and owing on its end, namely a Filling and Capping Machine that met the specifications and requirements set forth in the Purchase Order.

///

32. PallayPack thus received a benefit and was enriched, and has failed to provide the product it agreed to provide to Scantibodies. Under these circumstances, it would be unjust, and against equity and good conscience, for PallayPack to retain all the benefits bestowed upon it by Scantibodies.

### FOURTH CLAIM FOR RELIEF

### (Unfair Competition)

33. Scantibodies realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above, as though fully set forth herein.

34. The actions of PallayPack described herein in providing false and misleading information to Scantibodies as an inducement for Scantibodies to issue the Purchase Order constitutes unlawful, unfair and fraudulent business acts and practices, in violation of California Business & Professions Code §§ 17200, *et seq.* ("UCL").

35. As a direct result of PallayPack's acts of unfair competition under the UCL, Scantibodies has suffered and will continue to suffer harm as described herein. PallayPack should be required to restore to Scantibodies all monies paid by Scantibodies to PallayPack under the Purchase Order.

### PRAYER FOR RELIEF

WHEREFORE, Scantibodies prays for judgment against PallayPack as follows:

1. For compensatory damages, according to proof, with interest thereon as provided by law;

2. For consequential and actual damages, according to proof, with interest thereon as provided by law;

3. For its attorneys' fees;

///
///
///
///
///

1     4.    For costs of suit as provided for by law; and

2     5.    For such other relief as the Court deems just and proper.

3   DATED: September 14, 2010    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: *Michelle A. Herrera* (signature)

Michelle A. Herrera
Attorneys for Plaintiff SCANTIBODIES LABORATORY, INC.

## DEMAND FOR JURY TRIAL

Scantibodies hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 14, 2010        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: *Michelle A. Herrera*
Michelle A. Herrera
Attorneys for Plaintiff SCANTIBODIES LABORATORY, INC.

101310652.1

§JS 44   (Rev. 12/07)                                          **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SCANTIBODIES LABORATORY, INC., a California corporation

**DEFENDANTS**
PALLAYPACK, INC., a Canadian corporation

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

10 SEP 14  PM 3: 10

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michelle A. Herrera, SBN 209842
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, CA 92101-3372
(619) 236-1414

Attorneys (If Known)

BY·                           DEPUTY

'10 CV 1908        MMA RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [x] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

Brief description of cause:
Complaint for Breach of Contract; Negligent Misrepresentation; Unjust Enrichment; and Unfair Competition

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ >240,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____        DOCKET NUMBER _____

DATE  September 14, 2010                SIGNATURE OF ATTORNEY OF RECORD  *Michelle A. Herrera*

**FOR OFFICE USE ONLY**
RECEIPT # 18610   AMOUNT $355   9/14/10  APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CR

American LegalNet, Inc.
www.FormsWorkflow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS018010
Cashier ID: bhartman
Transaction Date: 09/14/2010
Payer Name: CALEXPRESS
----------------------------------
CIVIL FILING FEE
 For: SACNITBODIES V PALLAYPACK
 Case/Party: D-CAS-3-10-CV-001908-001
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 57569
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```